Myers, J.,
 

 concurring. I concur in the judgment of reversal but am not in accord with all that is said in the majority opinion.
 

 I agree that the Appellate Procedure Act bears the stamp of liberality and should, be interpreted in that spirit. The majority opinion directs attention to Section 12223-5, General Code, but does not give sufficient importance to that part reading as follows: “The notice of appeal may be amended by the appellate court in the furtherance of justice for good cause shown.” The majority opinion unduly minimizes the foregoing language when it states that “This would give to the Court of Appeals a wide discretion, and the outcome might be that only in doubtful cases would an amendment be permitted.” While recognizing the right to review individual cases, it is not the province of this court to suggest either a wide or narrow discretion in such matters.
 

 In the instant case motion to amend the notice of appeal was filed by appellants in the Court of Appeals.
 
 *329
 
 Section 12223-4, General Code, also confers discretion in respect to such questions. That section in part states, “no appeal shall be dismissed without notice to the appellant.” That implies discretion. In the instant case the wrong kind of a notice of appeal had been filed. To make that notice conform to the instant action the motion to amend was properly filed.
 

 The party taking an appeal should have reasonable grounds for so doing'. The statutes so provide-. Section 12223-35, General Code, provides a penalty where an appeal is filed for purpose of delay only. Coupled with this restriction against delay, there are additional provisions in the Appellate Procedure Act designed to protect the judgment obtained. If the prevailing party is to be restrained from having execution levied upon the judgment, a bond must be filed in every case, except as provided in Sections 12223-12 and 12223-17, General Code, irrespective of the kind of an appeal taken. An appeal upon questions of law and fact requires an appeal bond. Section 12223-6, General Code. If an appeal is taken upon questions of law only, execution upon the judgment is. not stayed unless a supersedeas bond is filed. Whichever method of appeal is taken, therefore, the statutes, except as noted, require the filing of a bond if execution upon the judgment is to be restrained. Until reversed or set aside a judgment imports verity and the successful party is entitled to have execution levied thereon unless appeal or other steps properly taken inhibit such action.
 

 Where, without a bond, a notice of appeal upon questions of law and fact is filed, amendment of the notice of appeal should not be permitted without good cause shown. In the instant case, there was good cause shown for amending the notice of appeal. The notice of appeal and bill of exceptions were both filed within the required time. There was no evidence of bad faith. The plaintiff was not prejudiced or misled in any way.
 
 *330
 
 This was an action at law and argued upon questions of law in the Court of Appeals. It was not a chancery case and could not in any event, have been tried
 
 de novo
 
 in the higher court. Such being thp circumstances in the instant case, the motion to amend the notice of appeal should have been sustained and the motion to dismiss the appeal overruled.